**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3088-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIEL JOHNSON, a/k/a
LAMAR JOHNSON,

     Defendant-Appellant.

_____

Submitted October 16, 2024 – Decided February 18, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 14-11-1900.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Leandra L. Cilindrello, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Daniel Johnson appeals from an April 20, 2023 order denying his petition for post-conviction relief (PCR). We affirm.

I.

In November 2014, a Hudson County grand jury returned an indictment that charged defendant with: first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2; five counts of first-degree armed robbery, N.J.S.A. 2C:15-1; five counts of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5; first-degree murder, N.J.S.A. 2C:11-3(a)(1) or N.J.S.A. 2C:11-3(a)(2); and second-degree certain person not to have a firearm, N.J.S.A. 2C:39-7(b).

The next month, in December 2014, a Passaic County grand jury returned an indictment that charged defendant with: first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2; five counts of first-degree armed robbery, N.J.S.A. 2C:15-1; five counts of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5; first-degree murder, N.J.S.A. 2C:11-3(a)(1) or N.J.S.A. 2C:11-3(a)(2); and second-degree certain person not to have a firearm, N.J.S.A. 2C:39-7(b).

A-3088-22

The Hudson County case was transferred to Passaic County for trial. Prior to trial, the court conducted a Wade[1] hearing regarding the out-of-court identifications made by G.W. and E.S.[2] The court ruled those identifications were admissible.

On July 28, 2016, defendant was convicted by a jury of two Hudson County charges: second-degree robbery of G.W. and second-degree conspiracy to commit the robbery of G.W. Defendant was acquitted on all the Passaic County charges.

Defendant was subsequently sentenced to sixteen years for the second-degree robbery and a concurrent ten years for the second-degree conspiracy, both subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. In February 2018, the court amended the judgment of conviction to run defendant's sentence consecutive to any parole violation.

In his direct appeal, defendant argued G.W.'s show-up identification was impermissibly suggestive. We held the trial court properly considered the factors articulated in State v. Henderson, 208 N.J. 208, 289 (2011) and weighed the evidence. State v. Johnson, No. A-3626-16 (App. Div. May 14, 2019). We

---

[1] United States v. Wade, 388 U.S. 218, 235 (1967).

[2] We use initials to protect the victim's privacy.

ultimately affirmed the trial court's conclusion that defendant had not demonstrated a substantial likelihood of irreparable misidentification.

The facts leading to defendant's convictions second-degree robbery and second-degree conspiracy to commit the robbery are set forth in our opinion on his direct appeal, and we need not repeat them here. We affirmed defendant's conviction and sentence imposed on direct appeal. Ibid. at slip op. 1. The Supreme Court denied defendant's petition for certification. State v. Johnson, 240 N.J. 128 (2019).

Defendant filed a self-represented PCR petition on November 4, 2021, followed by two supplemental certifications. After oral argument on 20, 2023, the PCR court rendered an oral opinion, denying defendant's PCR petition. After considering the applicable law, the court concluded trial counsel's performance was "anything but ineffective" because defendant was acquitted on eight out of the ten Hudson County charges and all fourteen Passaic County charges. The court's consideration went beyond the "ultimate results of the trial," and further concluded trial counsel's performance was not deficient in any of the areas raised by defendant nor prejudiced by any alleged deficient performance. Accordingly, the court determined an evidentiary hearing was not warranted because

4

defendant failed to present a prima facie case of ineffective assistance of counsel. This appeal followed.

II.

On appeal, defendant articulates the following arguments for our consideration:

> POINT I: THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS.
>
> A. Trial Counsel Failed to Effectively Cross[-]Examine Victim [G.W.] Regarding His Identification of Defendant.
>
> B. Trial Counsel Failed to Investigate an Exculpatory Witness.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

5

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A defendant filing a PCR petition is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The PCR court should grant an evidentiary hearing only when: "(1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted." Vanness, 474 N.J. at 623 (citing Porter, 216 N.J. at 354).

A-3088-22

Although we sustained the trial judge's findings, defendant revisited the issue of G.W.'s show-up identification in his PCR petition restated as an ineffective assistance of counsel claim. Defendant contends trial counsel was ineffective for failing to comply with his request to put G.W. back on the stand and "more vigorously" cross-examine him regarding the show-up identification.

Acknowledging defendant essentially renewed the argument concerning G.W.'s show-up identification in his PCR petition that was raised on direct appeal, the PCR judge noted that he was the same judge that conducted the suppression hearing and ruled the identification was admissible, which was affirmed on appeal. Nonetheless, the judge addressed defendant's PCR claim.

The PCR judge reviewed defendant's submissions and the trial record and found "defendant offer[ed] no explanation, examples or legal supports as to . . . his assertion that not engaging in further cross-examination amounts to ineffective assistance of counsel." The court also noted trial counsel highlighted inconsistencies on G.W.'s cross-examination, and started a "forceful" summation by stating show-ups are "inherently suggestive." The court reasoned defendant's argument was not supported by the record that "would suggest that any additional cross-examination of [G.W.] would have resulted in [G.W.] being exposed and it was unlikely that G.W. would have withdrawn his previous

7

identification of the defendant as one of the actors who robbed him." Accordingly, the court concluded trial counsel's performance was not deficient, and defendant was not prejudiced.

Having conducted a de novo review of the record, we reject defendant's contention. We first agree with the PCR judge that defendant's show-up identification issue was raised and resolved on appeal. "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." State v. Preciose, 129 N.J. 451, 476 1280 (1992) (citing R. 3:22-5). Thus, defendant cannot use the PCR proceedings to re-litigate claims already decided on the merits in his direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

We also discern no error in the PCR judge in denying defendant's petition. Defendant failed to show that counsel's performance was deficient in the cross-examination of G.W. The trial transcript shows otherwise. Nor has defendant show prejudice supported by "specific facts and evidence supporting [his] allegations." Porter, 216 N.J. 355. Defendant has failed to identify how a more vigorous cross-examination would have likely led to a different result.

We next address defendant's argument that trial counsel failed to investigate and interview an exculpatory witness—A.N., a Passaic County jail

8

paralegal, who defendant claimed assisted co-defendant Zaire Palms in preparing an affidavit that Palms committed the crime against G.W.

Here, the judge ruled any testimony from A.N. regarding the intention of or statements from Palms made to exculpate defendant would be inadmissible hearsay under N.J.R.E. 801(c). The court determined that no exception to the hearsay rule would have allowed the admission of the statements. Thus, the court determined the appropriate witness to testify was Palms, who appeared in court, invoked his Fifth Amendment right, and refused to testify. Consequently, trial counsel was barred from calling him as a witness under State v. Nunez, 209 N.J. Super. 127 (App. Div. 1986). The State was also barred from introducing the affidavit in its case-in-chief to show consciousness of guilt. The PCR judge did not find trial counsel was "ineffective or his actions prejudiced the defendant" because trial counsel was unable to cross-examine Palms or present evidence.

Under Rule 3:22-4, "a defendant is barred from raising any issue in a PCR petition that could have been raised on direct appeal unless one of three enumerated exceptions apply." State v. Wildgoose, 479 N.J. Super. 331, 344 (App. Div. 2024) (citing State v. Nash, 212 N.J. 518, 546 (2013)). Those exceptions do not apply here because defendant could have challenged the trial

court's evidentiary ruling excluding A.N.'s testimony on direct appeal. Therefore, a defendant is precluded from raising an issue on PCR that could have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

On direct appeal, defendant did not argue the trial judge erred in excluding A.N.'s testimony. Since defendant "may not use post-conviction relief to assert a new claim that could have been raised on direct appeal," defendant's exculpatory witness argument is barred pursuant to Rule 3:22-4.

We are also convinced defendant has not established a prima facie case for ineffective assistance of counsel by failing to call A.N. as a witness. Defendant has not established how A.N.'s testimony is an exception to the hearsay rule, and therefore admissible. Considering Palm's invocation of the Fifth Amendment and refusal to testify, defendant has failed to establish A.N.'s testimony would have changed the result of the trial as required under the Strickland/Fritz test. See Strickland, 466 U.S. at 668.

In sum, defendant has failed to meet his burden by a preponderance of the evidence. We discern no error in the court's denial of defendant's claims without an evidentiary hearing, based on our conclusion that the record does not substantiate a prima facie claim for PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3088-22